# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNELL COSBY,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, in his capacity as Sheriff of Cook County, *et al.*,<br><br>Defendants. | Civil action 1:26-cv-01665<br><br>The Honorable Franklin U. Valderrama<br>Courtroom 1941 |

## DEFENDANT SHERIFF DART'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Thomas Dart, in his official capacity as Sheriff of Cook County, Illinois—by and through undersigned Defense Counsel—hereby answers, and pleads his affirmative defenses to, Plaintiff's Amended Complaint (ECF No. 19).

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Without prejudice to his affirmative defenses pleaded *infra*, Defendant Sheriff Dart hereby answers Plaintiff's Amended Complaint (ECF No. 19).

### INTRODUCTION

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for deprivation of Plaintiff's rights guaranteed under the Fourteenth Amendment of the Unites States Constitution.

**ANSWER:** Denied in part. Defendant Sheriff Dart admits that Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Defendant Sheriff Dart denies that Plaintiff suffered a deprivation of his constitutional rights. Defendant Sheriff Dart further denies any liability or wrongdoing.

2. Defendants repeatedly and unjustifiably denied Mr. Cosby care to meet his basic medical needs, including proper care and medications following a surgery on his right hand for his pinky finger, and failed to properly and timely address Mr. Cosby's injuries while he was incarcerated at Cook County Jail.

**ANSWER:** Denied.

3. As a result of Defendants inadequate care, Mr. Cosby has endured months of excruciating pain.

**ANSWER:** Denied.

4. Mr. Cosby's injuries were exacerbated by Defendants failure to provide timely and competent medical care.

**ANSWER:** Denied.

5. Through their deliberate indifference to Mr. Cosby's serious medical needs each Defendant violated Mr. Cosby's rights to receive reasonable medical care while imprisoned pre-trial. Accordingly, Mr. Cosby is entitled to compensatory and punitive damages, reasonable attorneys' fees and costs, and such other relief as this Court deems just and proper.

**ANSWER:** Denied.

**PARTIES**

6. Plaintiff Donnell Cosby is currently incarcerated at the Winnebago County Jail. At all times relevant to the facts set forth in this Amended Complaint, Plaintiff was housed at Cook County Jail in Division 6, in the general population group.

**ANSWER:** Defendant Sheriff Dart admits only that Plaintiff was housed in Division 6 from November 19, 2025, to February 6, 2026. Defendant Sheriff Dart further admits that Plaintiff is detained at the Winnebago County Jail at the time of this answer.

7. Defendant Sheriff Thomas Dart ("Sherriff Dart" or "Sheriff Defendant") oversees the entirety of the Cook County Sheriff's Office and serves as the employer of the Command Staff referred to in this case. Defendant Sheriff Dart is a party in this case in his official capacity as the Cook County Sheriff, rather than in his personal capacity. Sheriff Dart, by serving as the Cook County Sheriff, acts as the custodian of the jail and is the moving force behind these alleged unconstitutional practices or customs.

**ANSWER:** Denied in part. Defendant Sheriff Dart admits that he is the duly elected Sheriff of Cook County. Defendant Sheriff Dart admits only to those duties and responsibilities imposed by law and denies any assertions of duty or legal responsibility inconsistent therewith. Defendant Sheriff Dart denies any wrongdoing or liability. Defendant Sheriff Dart further denies the remaining allegations in this paragraph of Plaintiff's Amended Complaint.

8. Defendant Cook County Health is located in Cook County Illinois. Cook County Health operates with, and in partnership with, Stroger Hospital and Cermak Health Services to furnish medical care for inmates at Cook County Jail.

**ANSWER:** Defendant Sheriff Dart admits that Cook County Health is located in Cook County, Illinois. Further answering, Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph of Plaintiff's Amended Complaint Admitted.

9. Defendant Stroger Hospital ("Stroger") is a flagship hospital of Cook County Health. Stroger and its employees, in partnership with Cook County Health and Cermak Health Services, provides daily medical services to detainees and inmates at Cook County Jail. Stroger and its employees in the Orthopedic Clinic oversaw and performed two surgeries on Plaintiff's hand. The specific doctors, surgeons, and medical staff have not been identified at this time.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

10. Defendant Cermak Health Services ("Cermak") is a member of the Cook County Health & Hospital Systems, and the daily provider of the healthcare to detainees and inmates at the Cook County Department of Corrections, including Cook County Jail. Cermak facilities are physically located within Cook County Jail. Cermak and its employees, in partnership with Cook County Health and Stroger Hospital, provide daily medical services to detainees and inmates at Cook County Jail. The specific nurses and doctors have not been identified at this time.

**ANSWER:** Defendant Sheriff Dart admits that Cermak Health Services is affiliated with Cook County Health and provides healthcare to detainees detained in the Cook County Department of Corrections. Further answering, Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph of Plaintiff's Amended Complaint Admitted.

11. Defendant Command Staff are employed at Cook County Jail in the lower securities division. Command Staff oversees the operations and administration of the Cook County Jail and other correctional facilities. The Command Staff referred to in this case engaged in willful and wanton conduct in the course and scope of their employment with the Cook County Sherriff's Office, and under color of law. The identities of the Command Staff officers are unknown to the Plaintiff at this time.

**ANSWER:** Denied.

12. Upon information and belief, additional unknown medical staff, doctors, and surgeons whose identifies are unknown to Plaintiff ("Unknown Defendants") are responsible for the failure to timely treat and address Plaintiff's injuries and properly respond to Plaintiff's medical needs.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint Admitted.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a) as this cause of action arises out of the Constitution and laws of the United States.

**ANSWER:** Admitted.

14. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as at least one of the Defendants resides in this District and the actions forming the basis of this Amended Complaint took place in Cook County.

**ANSWER:** Admitted.

## FACTUAL ALLEGATIONS

15. In October of 2025, Mr. Cosby seriously injured his hand by cutting the tendon in his right pinky finger. Mr. Cosby went to his local hospital where his finger was stitched and was advised to see a surgeon.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

16. Mr. Cosby was referred to a specialist and hand surgeon at the University of Chicago Hospital; however, before Mr. Cosby could meet with the specialist and undergo an operation to repair his injured hand and finger, he was arrested and admitted to Cook County Jail in November 2025.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

17. After Mr. Cosby was admitted to Cook County, he was forced to wait approximately one week before he was seen by Cermak for his injured hand. Once he was seen, a doctor performed an x-ray and told Mr. Cosby that he would need surgery to repair the damage to his right hand and finger.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

18. Mr. Cosby was informed that the surgery would either be a tendon transfer surgery or a Hunter tendon implantation. A Hunter tendon implantation procedure places a prosthetic tendon implant known as a Hunter rod into the injured tendon. This procedure would be followed by a second surgery to fix the tendons in Mr. Cosby's right pinky finger.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

19. The first surgery took place on or around December 14, 2025, at Stroger Hospital. The doctors performed a Hunter tendon implantation procedure by placing a Hunter rod into Mr. Cosby's right pinky finger. During the first surgery, Mr. Cosby was given general anesthesia.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

20. After the first surgery Mr. Cosby was sent back to Cook County Jail with his hand wrapped but was not given any post-operative ("post-op") care, this included additional bandages, wraps, and gauze.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

21. Mr. Cosby was prescribed antibiotics and tramadol for pain but was only given his antibiotics twice in the weeks after the surgery.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

22. When Mr. Cosby returned to Division 6 at Cook County Jail, he continuously complained that he was in severe pain. Mr. Cosby was not given any tramadol for his pain and did not have his bandages changed on a regular basis.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

23. Within a month of the first surgery, because of the lack of care provided by the Defendants, Mr. Cosby's right hand became infected. Mr. Cosby repeatedly told the nurses that his hand was changing colors, swollen, and began producing pus. Unidentified nurses proceeded to give Mr. Cosby antibiotics to see if the infection would clear up.

**ANSWER:** Denied in part. Defendant Sheriff Dart denies that anyone employed by the Cook County Sheriff's Office caused Plaintiff's infection. Further answering, Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph of Plaintiff's Amended Complaint.

24. In or around the beginning of January 2026, Mr. Cosby went back to Cook County Health Clinic to get his stitches removed and begin occupational therapy. While at the clinic, and before getting his stitches removed, an unidentified nurse told Mr. Cosby his hand did not look good. This nurse took a picture of Mr. Cosby's hand and got an additional nurse to look at his hand. During this time Mr. Cosby continued to report to the nurses about the severe pain he endured.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

25. Eventually Mr. Cosby was seen again by the doctor who performed the first surgery. The doctor believed there was an internal infection, suggesting that the Hunter rod may have moved out of place. Mr. Cosby was then informed by the doctor that he would need an additional surgery to remove the Hunter rod from his infected hand.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

26. Mr. Cosby was then escorted by an Officer Fleming and her partner to go to the professional building at the Administration building to schedule the second surgery to remove the Hunter rod.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

27. The surgery to remove the Hunter rod occurred on or around January 14, 2026. A different, unidentified surgeon performed the second surgery to remove the Hunter rod from Mr. Cosby's hand.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

28. After the second surgery, no medical professional came to Mr. Cosby to evaluate him or provide him with pain medication. Mr. Cosby did not receive his first dose of pain medication until some days following the second surgery. Given limited staffing at the Cook County Health Clinic, Mr. Cosby was not seen by nurses on the weekends.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

29. Mr. Cosby endured an infected Hunter rod in his right hand for approximately a month before it was finally removed, despite informing Cook County Health, Cermak, and Command Staff.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

30. During his time at Cook County, Mr. Cosby wrote numerous grievances and medical requests about the pain in his right hand, his infection, and having his medication withheld.

**ANSWER:** Defendant Sheriff Dart admits that Plaintiff submitted grievances about his right hand. Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph of Plaintiff's Amended Complaint.

31. Upon transfer to Winnebago County Jail, Mr. Cosby does not have access to his medical records, and all grievances were left at Cook County Jail.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

32. As of today, Mr. Cosby is still recovering from the second surgery to his right hand. Mr. Cosby's right hand is still tender and has limited mobility in his pinky finger.

**ANSWER:** Defendant Sheriff Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of Plaintiff's Amended Complaint.

## COUNT I

## 42 U.S.C. § 1983 – Failure to Provide Adequate Medical Attention to Donnell Cosby

### Against Sheriff Dart and Command Staff for a Deprivation of Plaintiff's Substantive Due Process Rights.

33. Mr. Cosby re-alleges Paragraphs 1-32 as if fully restated herein.

**ANSWER:** Defendant Sheriff Dart incorporates by reference his answers to Paragraphs 1-32 of Plaintiff's Amended Complaint as if fully restated herein.

34. By the foregoing actions, Defendants intentionally or recklessly failed to provide Mr. Cosby with adequate medical care for the serious injuries to his right hand and pinky finger.

**ANSWER:** Denied.

35. The constitutional duty under the Fourteenth Amendment to provide adequate health care rests with the Sheriff in his official capacity. *See generally Daniel v. Cook Cty.,* 833 F.3d 728, 737 (7th Cir. 2016).

**ANSWER:** Denied in part. Defendant Sheriff Dart admits that Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Defendant Sheriff Dart denies that Plaintiff suffered a deprivation of his constitutional rights. Defendant Sheriff Dart further denies any liability or wrongdoing.

36. Sheriff Defendant in his official capacity failed to address (1) inadequate health assessments upon admission; (2) inadequate acute, chronic, and emergency medical care; (3) inadequate access to medical care; and (4) inadequate staffing, training, and supervision.

**ANSWER:** Denied.

37. Under the supervision of the Sheriff Defendant, the unidentified Command Staff in their official capacity failed to (1) provide prescribed pain medication; (2) provide prescribed antibiotics; (3) change bandages in a timely manner, and (4) both address and resolve filed grievances relating to Mr. Cosby's infected hand.

**ANSWER:** Denied.

38. Defendants were aware that Mr. Cosby had a serious medical need, or strongly suspected a strong likelihood that Mr. Cosby had a serious medical need but refused to confirm whether these facts were true.

**ANSWER:** Denied.

39. Defendants continuously failed to take reasonable measures to provide treatment and care for Mr. Cosby's medical needs by failing to provide both pain medication, antibiotics, and post-op care for Mr. Cosby even after he submitted grievances regarding his medical needs.

**ANSWER:** Denied.

40. The acts and/or omission of Defendants under the color of the law and without justification, amounted to deliberate indifference to an objectively serious and known danger posing a substantial risk of serious harm to Mr. Cosby, and the conduct was objectively unreasonable rising to the level of a violation under 42. U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

**ANSWER:** Denied.

41. Even though both Defendants identified under this Count are not medical staff, the seriousness and condition of Mr. Cosby's medical needs rose to the level of obviousness that he was not receiving adequate care.

**ANSWER:** Denied.

42. As a result of these violations of Mr. Cosby's Constitutional rights, he has suffered unnecessary and wanton infliction of great pain, mental anguish, exacerbation of his injuries, and prolonged unnecessary pain.

**ANSWER:** Denied.

## COUNT II

**42 U.S.C. § 1983 – Failure to Provide Adequate Medical Attention to Mr. Cosby**

**Against Cook County Health, Stroger Hospital, Cermak and Unknown Medical Staff for a Deprivation of Plaintiff's Substantive Due Process Rights**

43. Mr. Cosby re-alleges Paragraphs 1-42 as if fully restated herein.

**ANSWER:** Defendant Sheriff Dart incorporates by reference his answers to Paragraphs 1-32 of Plaintiff's Amended Complaint as if fully restated herein.

44. At all times material, the Defendants were employees and acted in their official capacity as employees of Cook County Health, Stroger, and Cermak.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

45. At all times material, the Defendants were acting as medical staff or personnel.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

46. At all times material, Mr. Cosby suffered from an injured and infected right hand that required medical attention and care. Mr. Cosby submitted numerous grievances for medical care which included requests for both his prescribed pain medication and antibiotics.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

47. Defendants saw, examined, knew of, or were aware of Mr. Cosby's injured right hand and pinky; and that Mr. Cosby was at substantial risk of developing an infection.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

48. Defendants saw, examined, knew of, or were aware that Mr. Cosby did develop an internal infection in his injured right hand and pinky that required a second surgery to remove the Hunter rod and prevent the infection from spreading.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant

Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

49. In violation of the Fourteenth Amendment, the Defendants knew that their inadequate treatment would likely aggravate Mr. Cosby's condition and a reasonable medical professional in the same or similar circumstance would have provided Mr. Cosby with his medical needs.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

50. This inadequate treatment posed a substantial risk of serious harm to Mr. Cosby, amounting to a level of objectively unreasonable.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

51. Defendants failed to take reasonable measures to abate the serious harm to Mr. Cosby, even though a reasonable medical care provider in similar circumstances would have appreciated the high degree of risk involved. Defendants' conduct was objectively unreasonable.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

52. As a result of these violations of Mr. Cosby's Constitutional rights, he has suffered unnecessary and wanton infliction of great pain, mental anguish, exacerbation of his injuries, and prolonged unnecessary pain.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

53. By failing to take reasonable measures, Defendants caused Mr. Cosby's injuries and are liable pursuant to 42. U.S.C. § 1983.

**ANSWER:** The allegations in Count II of Plaintiff's Amended Complaint are not alleged against Defendant Sheriff Dart. Therefore, this paragraph of Plaintiff's Amended Complaint requires no answer from Defendant Sheriff Dart. To the extent an answer is required, Defendant Sheriff Dart denies the allegations in this paragraph of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Donnell Cosby respectfully requests that this Court award the following relief:

A. Judgment entered in his favor and against each of the Defendants;

B. Compensatory damages in the amount to be determined at trial;

C. Punitive damages in an amount to be determined at trial;

D. Costs; Reasonable attorneys' fees and expenses; and

E. Any other such relief that this Court deems just and proper.

**ANSWER:** Defendant Sheriff Dart further denies any liability or wrongdoing. Defendant Sheriff Dart further denies that Plaintiff is entitled to relief.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Without prejudice to his denials pleaded *supra*, Defendant Sheriff Dart hereby asserts his affirmative defenses to Plaintiff's Amended Complaint (ECF No. 19).

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

1. Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e).

2. Plaintiff was a prisoner at all relevant times.

3. The PLRA prescribes that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

4. Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages.

5. Plaintiff failed to exhaust his administrative remedies properly. Therefore, his claims are barred.

6. Section 1997e(e) of the PLRA prescribes that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury that is greater than de minimis or the commission of a sexual act as defined in 18 U.S.C. § 2246.

7. Plaintiff cannot show that Defendant caused a physical injury that is greater than de minimis and, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

### ENTITLEMENT TO QUALIFIED IMMUNITY

8. Defendant's actions at all times were objectively reasonable and did not violate any of Plaintiff's clearly established constitutional rights.

9. Accordingly, Defendant is entitled to the qualified immunity defense.

### IMMUNITY FROM PUNITIVE DAMAGES

10. To the extent that Plaintiff seeks punitive damages against any party in an official capacity, Defendant asserts immunity from punitive damages.

11. First, an official capacity suit is tantamount to a claim against the government entity itself. Guzman v. Sheahan, 495 F.3d 852, 859 (7th Cir. 2007).

12. Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

13. Thus, any party in an official capacity is immune from punitive damages.

### SECTION 9-102 OF THE TORT IMMUNITY ACT

14. A local public entity is empowered and directed to indemnify its employees for liability arising from the employee's scope of employment. 745 ILCS 10/9-102.

15. To the extent that Plaintiff's claim requires indemnification, Defendant asserts that, without a surviving federal claim based on the deprivation of Plaintiff's constitutional rights, an indemnification claim should also be dismissed. Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999).

### FAILURE TO MITIGATE

16. At all relevant times, Plaintiff owed a duty to take reasonable measures to mitigate his alleged injuries and damages.

17. Plaintiff failed to mitigate his alleged injuries and damages.

### STATUTE OF LIMITATIONS

18. To the extent Plaintiff's claims are time barred, the statute of limitations bars Plaintiff's claims.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an order

A. Dismissing Plaintiff's complaint with prejudice;

B. Assessing Defendant's costs against Plaintiff; and

C. Providing any other necessary and just relief.

**DEMAND FOR JURY TRIAL**

Defendant Sheriff Thomas Dart hereby requests trial by jury.

Respectfully submitted,

September 11, 2026

/s/Jonathan Wheeler
Assistant State's Attorney
Cook County State's Attorney's Office
50 West Washington Street
Suite 500
Chicago, Illinois 60602
T: +1 (312) 603-4389
E: Jonathan.Wheeler@cookcountysao.org
Attorney for Defendant Sheriff Dart