**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONNELL COSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26 CV 01665 |
| | ) | |
| THOMAS DART, COOK COUNTY HEALTH, STROGER HOSPITAL, CERMAK HEALTH SERVICES, COMMAND STAFF, and UNKNOWN MEDICAL STAFF, | ) | Judge Franklin U. Valderrama |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS COOK COUNTY HEALTH, STROGER HOSPITAL, AND CERMAK HEALTH SERVICES' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, COOK COUNTY HEALTH, STROGER HOSPITAL, and CERMAK HEALTH SERVICES, in answering Plaintiff's Amended Complaint (Dkt. 19) states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for deprivation of Plaintiff's rights guaranteed under the Fourteenth Amendment of the Unites States Constitution.

**ANSWER:** **Defendants admit.**

2. Defendants repeatedly and unjustifiably denied Mr. Cosby care to meet his basic medical needs, including proper care and medications following a surgery on his right hand for his pinky finger, and failed to properly and timely address Mr. Cosby's injuries while he was incarcerated at Cook County Jail.

**ANSWER:** **Defendants deny allegations contained in paragraph 2 of Plaintiff's Amended Complaint.**

3. As a result of Defendants inadequate care, Mr. Cosby has endured months of

excruciating pain.

**ANSWER:** **Defendants deny allegations contained in paragraph 3 of Plaintiff's Amended Complaint.**

4. Mr. Cosby's injuries were exacerbated by Defendants' failure to provide timely and competent medical care.

**ANSWER:** **Defendants deny allegations contained in paragraph 4 of Plaintiff's Amended Complaint.**

5. Through their deliberate indifference to Mr. Cosby's serious medical needs each Defendant violated Mr. Cosby's rights to receive reasonable medical care while imprisoned pre-trial. Accordingly, Mr. Cosby is entitled to compensatory and punitive damages, reasonable attorneys' fees and costs, and such other relief as this Court deems just and proper.

**ANSWER:** **Defendants deny the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.**

## PARTIES

6. Plaintiff Donnell Cosby is currently incarcerated at the Winnebago County Jail. At all times relevant to the facts set forth in this Amended Complaint, Plaintiff was housed at Cook County Jail in Division 6, in the general population group.

**ANSWER:** **Defendants are without knowledge to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.**

7. Defendant Sheriff Thomas Dart ("Sheriff Dart" or "Sheriff Defendant") oversees the entirety of the Cook County Sheriff's Office and serves as the employer of the Command Staff referred to in this case. Defendant Sheriff Dart is a party in this case in his official capacity as the Cook County Sheriff, rather than in his personal capacity. Sheriff Dart, by serving as the

Cook County Sheriff, acts as the custodian of the jail and is the moving force behind these alleged unconstitutional practices or customs.

**ANSWER:** **As the allegations in paragraph 7 do not pertain to these Defendants, Defendants make no answer thereto and denies that they are obligated to do so.**

8. Defendant Cook County Health is located in Cook County Illinois. Cook County Health operates with, and in partnership with, Stroger Hospital and Cermak Health Services to furnish medical care for inmates at Cook County Jail.

**ANSWER:** **Defendants admit only as follows: (a) that the County of Cook is a body politic and corporate of the State of Illinois; and (b) that the Board of Commissioners of Cook County operates the Bureau of Health Services consisting of certain healthcare service affiliates including, but not limited to, Cook County Health.**

9. Defendant Stroger Hospital ("Stroger") is a flagship hospital of Cook County Health. Stroger and its employees, in partnership with Cook County Health and Cermak Health Services, provides daily medical services to detainees and inmates at Cook County Jail. Stroger and its employees in the Orthopedic Clinic oversaw and performed two surgeries on Plaintiff's hand. The specific doctors, surgeons, and medical staff have not been identified at this time.

**ANSWER:** **Defendants admit only as follows: (a) that the County of Cook is a body politic and corporate of the State of Illinois; and (b) that the Board of Commissioners of Cook County operates the Bureau of Health Services consisting of certain healthcare service affiliates including, but not limited to, Stroger Hospital.**

10. Defendant Cermak Health Services ("Cermak") is a member of the Cook County Health & Hospital Systems, and the daily provider of the healthcare to detainees and inmates at the Cook County Department of Corrections, including Cook County Jail. Cermak facilities are

physically located within Cook County Jail. Cermak and its employees, in partnership with Cook County Health and Stroger Hospital, provide daily medical services to detainees and inmates at Cook County Jail. The specific nurses and doctors have not been identified at this time.

**ANSWER: Defendants admit only as follows: (a) that the County of Cook is a body politic and corporate of the State of Illinois; and (b) that the Board of Commissioners of Cook County operates the Bureau of Health Services consisting of certain healthcare service affiliates including, but not limited to, Cermak Health Services.**

11. Defendant Command Staff are employed at Cook County Jail in the lower securities division. Command Staff oversees the operations and administration of the Cook County Jail and other correctional facilities. The Command Staff referred to in this case engaged in willful and wanton conduct in the course and scope of their employment with the Cook County Sherriff's Office, and under color of law. The identities of the Command Staff officers are unknown to the Plaintiff at this time.

**ANSWER: As the allegations in paragraph 11 do not pertain to these Defendants, Defendants make no answer thereto and denies that they are obligated to do so.**

12. Upon information and belief, additional unknown medical staff, doctors, and surgeons whose identities are unknown to Plaintiff ("Unknown Defendants") are responsible for the failure to timely treat and address Plaintiff's injuries and properly respond to Plaintiff's medical needs.

**ANSWER: Defendants deny the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.**

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 133 l and § 1343(a) as this cause of action arises out of the Constitution and laws of the United States.

**ANSWER:** **Defendants admit that jurisdiction of these claims by this Court is proper.**

14. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as at least one of the Defendants resides in this District and the actions forming the basis of this Amended Complaint took place in Cook County.

**ANSWER:** **Defendants admit that venue of this cause of action within Northern District of Illinois is proper.**

## FACTUAL ALLEGATIONS

15. In October of 2025, Mr. Cosby seriously injured his hand by cutting the tendon in his right pinky finger. Mr. Cosby went to his local hospital where his finger was stitched and was advised to see a surgeon.

**ANSWER:** **Defendants are without knowledge to either admit or deny the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.**

16. Mr. Cosby was referred to a specialist and hand surgeon at the University of Chicago Hospital; however, before Mr. Cosby could meet with the specialist and undergo an operation to repair his injured hand and finger, he was arrested and admitted to Cook County Jail in November 2025.

**ANSWER:** **Defendants are without knowledge to either admit or deny the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.**

17. After Mr. Cosby was admitted to Cook County, he was forced to wait approximately one week before he was seen by Cermak for his injured hand. Once he was seen, a doctor performed an x-ray and told Mr. Cosby that he would need surgery to repair the damage to his right hand and finger.

**ANSWER:** **Defendants admit that certain medical records indicate that Mr. Cosby was seen by a doctor who performed an x-ray and indicated surgery as a prescribed treatment**

**for damage to his hand and finger and denies the remainder of the allegations in paragraph 17 of Plaintiff's Amended Complaint.**

18. Mr. Cosby was informed that the surgery would either be a tendon transfer surgery or a Hunter tendon implantation. A Hunter tendon implantation procedure places a prosthetic tendon implant known as a Hunter rod into the injured tendon. This procedure would be followed by a second surgery to fix the tendons in Mr. Cosby's right pinky finger.

**ANSWER: Defendants admit that certain medical records indicate that a one stage or staged Hunter rod reconstruction was considered as treatment for Mr. Cosby's injury and the procedure can take place in one multiple procedures and denies the remainder of the allegations in paragraph 18 of Plaintiff's Amended Complaint.**

19. The first surgery took place on or around December 14, 2025, at Stroger Hospital. The doctors performed a Hunter tendon implantation procedure by placing a Hunter rod into Mr. Cosby's right pinky finger. During the first surgery, Mr. Cosby was given general anesthesia.

**ANSWER: Defendants admit that certain medicals records indicate that a surgery took place around December 14, 2025, at Stroger Hospital, implanting a Hunter rod into Mr. Cosby's right pinky finger and that Mr. Cosby was given anesthesia.**

20. After the first surgery Mr. Cosby was sent back to Cook County Jail with his hand wrapped but was not given any post-operative ("post-op") care, this included additional bandages, wraps, and gauze.

**ANSWER: Defendants deny the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.**

21. Mr. Cosby was prescribed antibiotics and tramadol for pain but was only given his antibiotics twice in the weeks after the surgery.

**ANSWER:** **Defendants admit that certain medical records indicate that Mr. Cosby was prescribed antibiotics and tramadol for pain after the surgery and deny the remaining allegations in paragraph 21 of Plaintiff's Amended Complaint.**

22. When Mr. Cosby returned to Division 6 at Cook County Jail, he continuously complained that he was in severe pain. Mr. Cosby was not given any tramadol for his pain and did not have his bandages changed on a regular basis.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.**

23. Within a month of the first surgery, because of the lack of care provided by the Defendants, Mr. Cosby's right hand became infected. Mr. Cosby repeatedly told the nurses that his hand was changing colors, swollen, and began producing pus. Unidentified nurses proceeded to give Mr. Cosby antibiotics to see if the infection would clear up.

**ANSWER:** **Defendants deny the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.**

24. In or around the beginning of January 2026, Mr. Cosby went back to Cook County Health Clinic to get his stitches removed and begin occupational therapy. While at the clinic, and before getting his stitches removed, an unidentified nurse told Mr. Cosby his hand did not look good. This nurse took a picture of Mr. Cosby's hand and got an additional nurse to look at his hand. During this time Mr. Cosby continued to report to the nurses about the severe pain he endured.

**ANSWER:** **Defendants admit that certain medical records indicate that in or around the beginning of January 2026, Mr. Cosby went back to Cook County Health to get his stitches removed and begin occupational therapy and are without sufficient information to admit**

**or deny the remaining allegations in paragraph 24 of Plaintiff's Amended Complaint.**

25. Eventually Mr. Cosby was seen again by the doctor who performed the first surgery. The doctor believed there was an internal infection, suggesting that the Hunter rod may have moved out of place. Mr. Cosby was then informed by the doctor that he would need an additional surgery to remove the Hunter rod from his infected hand.

**ANSWER:** **Defendants admit certain medical records indicate that Mr. Cosby was seen by the doctor who performed the first surgery and that records show that an infection was present and a surgery to remove the Hunter rod was planned and deny the remaining allegations in paragraph 25 of Plaintiff's Amended Complaint.**

26. Mr. Cosby was then escorted by an Officer Fleming and her partner to go to the professional building at the Administration building to schedule the second surgery to remove the Hunter rod.

**ANSWER:** **As the allegations in paragraph 26 do not pertain to these Defendants, Defendants make no answer thereto and deny that they are obligated to do so.**

27. The surgery to remove the Hunter rod occurred on or around January 14, 2026. A different, unidentified surgeon performed the second surgery to remove the Hunter rod from Mr. Cosby's hand.

**ANSWER:** **Defendants admit that certain medical records indicate that a surgery to remove the Hunter rod occurred on or around January 14, 2026, and deny the remaining allegations of paragraph 27 of Plaintiff's Amended Complaint.**

28. After the second surgery, no medical professional came to Mr. Cosby to evaluate him or provide him with pain medication. Mr. Cosby did not receive his first dose of pain medication until some days following the second surgery. Given limited staffing at the Cook

County Health Clinic, Mr. Cosby was not seen by nurses on the weekends.

**ANSWER: Defendants deny the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.**

29. Mr. Cosby endured an infected Hunter rod in his right hand, for approximately a month before it was finally removed, despite informing Cook County Health, Cermak, and Command Staff.

**ANSWER: Defendants deny the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.**

30. During his time at Cook County, Mr. Cosby wrote numerous grievances and medical requests about the pain in his right hand, his infection, and having his medication withheld.

**ANSWER: Defendants admit that certain medical records reflect medical requesters made by Mr. Cosby about the pain in his right hand and infection and deny the remaining allegations contained in paragraph 30 of Plaintiff's Amended Complaint.**

31. Upon transfer to Winnebago County Jail, Mr. Cosby does not have access to his medical records, and all grievances were left at Cook County Jail.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations contained in paragraph 31 of Plaintiff's Amended Complaint**

32. As of today, Mr. Cosby is still recovering from the second surgery to his right hand. Mr. Cosby's right hand is still tender and has limited mobility in his pinky finger.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.**

## COUNT I

## 42 U.S.C. § 1983—Failure to Provide Adequate Medical Attention to Donnell Cosby

**Against Sheriff Dart and Command Staff for a Deprivation of Plaintiff's Substantive Due Process Rights.**

33. Mr. Cosby re-alleges Paragraphs 1-32 as if fully restated herein.

**ANSWER:** **Defendants repeat and reassert the answers to allegations contained in paragraphs 1 through 32 as if fully set forth herein.**

34. By the foregoing actions, Defendants intentionally or recklessly failed to provide Mr. Cosby with adequate medical care for the serious injuries to his right hand and pinky finger.

**ANSWER:** **Defendants deny the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.**

35. The constitutional duty under the Fourteenth Amendment to provide adequate health care rests with the Sheriff in his official capacity. *See generally Daniel v. Cook Cty.,* 833 F.3d 728, 737 (7th Cir. 2016).

**ANSWER:** **As the allegations contained in Count I do not pertain to these Defendants, they make no answer thereto and denies it is obligated to do so.**

36. Sheriff Defendant in his official capacity failed to address (1) inadequate health assessments upon admission; (2) inadequate acute, chronic, and emergency medical care; (3) inadequate access to medical care; and (4) inadequate staffing, training, and supervision.

**ANSWER:** **As the allegations contained in Count I do not pertain to these Defendants, they make no answer thereto and denies they are obligated to do so.**

37. Under the supervision of the Sheriff Defendant, the unidentified Command Staff m their official capacity failed to (1) provide prescribed pain medication; (2) provide prescribed antibiotics; (3) change bandages in a timely manner, and (4) both address and resolve filed grievances relating to Mr. Cosby's infected hand.

**ANSWER:** **As the allegations contained in Count I do not pertain to these Defendants, they make no answer thereto and denies they are obligated to do so.**

38. Defendants were aware that Mr. Cosby had a serious medical need, or strongly suspected a strong likelihood that Mr. Cosby had a serious medical need but refused to confirm whether these facts were true.

**ANSWER:** **Defendants deny the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.**

39. Defendants continuously failed to take reasonable measures to provide treatment and care for Mr. Cosby's medical needs by failing to provide both pain medication, antibiotics, and post-op care for Mr. Cosby even after he submitted grievances regarding his medical needs.

**ANSWER:** **Defendants deny the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.**

40. The acts and/or omission of Defendants under the color of the law and without justification, amounted to deliberate indifference to an objectively serious and known danger posing a substantial risk of serious harm to Mr. Cosby, and the conduct was objectively unreasonable rising to the level of a violation under 42. U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

**ANSWER:** **Defendants deny the allegations contained in paragraph 40 of Plaintiff's Amended Complaint.**

41. Even though both Defendants identified under this Count are not medical staff, the seriousness and condition of Mr. Cosby's medical needs rose to the level of obviousness that he was not receiving adequate care.

**ANSWER:** **Defendants deny the allegations contained in paragraph 41 of Plaintiff's**

**Amended Complaint.**

42. As a result of these violations of Mr. Cosby's Constitutional rights, he has suffered unnecessary and wanton infliction of great pain, mental anguish, exacerbation of his injuries, and prolonged unnecessary pain.

**ANSWER: Defendants deny the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.**

**COUNT II**

**42 U.S.C. § 1983—Failure to Provide Adequate Medical Attention to Mr. Cosby Against Cook County Health, Stroger Hospital, Cermak and Unknown Medical Staff for a Deprivation of Plaintiff's Substantive Due Process Rights.**

43. Mr. Cosby re-alleges Paragraphs 1-42 as if fully restated herein.

**ANSWER: Defendants repeat and reassert the answers to allegations contained in paragraphs 1 through 42 as if fully set forth herein.**

44. At all times material, the Defendants were employees and acted in their official capacity as employees of Cook County Health, Stroger, and Cermak.

**ANSWER: Defendants admit that it employed a number of individuals who provided medical care to Plaintiff, but denies their actions violated any law.**

45. At all times material, the Defendants were acting as medical staff or personnel.

**ANSWER: Defendants admit that it employed a number of individuals who provided medical care to Plaintiff, but denies their actions violated any law.**

46. At all times material, Mr. Cosby suffered from an injured and infected right hand that required medical attention and care. Mr. Cosby submitted numerous grievances for medical care which included requests for both his prescribed pain medication and antibiotics.

**ANSWER: Defendants deny the allegations contained in paragraph 46 of Plaintiff's Amended Complaint.**

47. Defendants saw, examined, knew of, or were aware of Mr. Cosby's injured right hand and pinky; and that Mr. Cosby was at substantial risk of developing an infection.

**ANSWER: Defendants deny the allegations contained in paragraph 47 of Plaintiff's Amended Complaint.**

48. Defendants saw, examined, knew of, or were aware that Mr. Cosby did develop an internal infection in his injured right hand and pinky that required a second surgery to remove the Hunter rod and prevent the infection from spreading.

**ANSWER: Defendants admit that certain medical records indicate that Mr. Cosby developed an infection in his injured right hand and a second surgery was performed to remove the Hunter rod and deny the remaining allegations in paragraph 48 of Plaintiff's Amended Complaint.**

49. In violation of the Fourteenth Amendment, the Defendants knew that their inadequate treatment would likely aggravate Mr. Cosby's condition and a reasonable medical professional in the same or similar circumstance would have provided Mr. Cosby with his medical needs.

**ANSWER: Defendants deny the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.**

50. This inadequate treatment posed a substantial risk of serious harm to Mr. Cosby, amounting to a level of objectively unreasonable.

**ANSWER: Defendants deny the allegations contained in paragraph 50 of Plaintiff's Amended Complaint.**

51. Defendants failed to take reasonable measures to abate the serious harm to Mr. Cosby, even though a reasonable medical care provider in similar circumstances would have

appreciated the high degree of risk involved. Defendants' conduct was objectively unreasonable.

**<u>ANSWER:</u> Defendants deny the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.**

52. As a result of these violations of Mr. Cosby's Constitutional rights, he has suffered unnecessary and wanton infliction of great pain, mental anguish, exacerbation of his injuries, and prolonged unnecessary pain.

**<u>ANSWER:</u> Defendants deny the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.**

53. By failing to take reasonable measures, Defendants caused Mr. Cosby's injuries and are liable pursuant to 42. U.S.C. § I 983.

**<u>ANSWER:</u> Defendants deny the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.**

**Defendants demand a jury by trial.**

WHEREFORE, Defendants pray that his Honorable Court enter a finding that DONNELL COSBY, is not entitled to the relief requested in his Amended Complaint at Law and that it be dismissed with prejudice and that this Court grant other such relief to these Defendants as it deems proper and just.

## AFFIRMATIVE DEFENSES

Answering further, Defendants submit the following affirmative defenses:

### <u>FIRST AFFIRMATIVE DEFENSE</u><br><u>FAILURE TO EXAMINE – 745 ILCS 10/6-105</u>

Defendants, through Michael P. Gorman, Assistant State's Attorney, in response to Plaintiff's Amended Complaint, assert the following Affirmative Defense.

1. The County of Cook is a body politic which owned and operated Cermak Health Services, Stroger Hospital, and Cook County Health at all times alleged in Plaintiff's Amended Complaint.

2. At all times relevant to this action, there was in full force and effect the Local Governmental Tort Immunity Act (the "Act), 745 ILCS 10/1-101, et seq. which provides immunities and defenses for local public entities and public employees from liability arising out of the operation of government.

3. County of Cook is a local government entity as defined in 745 ILCS 10/1-206 and, as such, is entitled to the protection of the immunities and defenses provided by the "Act". This Defendant is its employee of Cook County.

4. Plaintiff's Complaint alleges that the Defendants, through their employees, failed to properly examine Plaintiff which led to a number of conditions or symptoms from being diagnosed or treated: infection, disfigurement, pain, and suffering, among other symptoms and conditions.

5. Section 10/6-105(a) of the "Act" confers immunity from liability to the Defendants for "failure to examine" Plaintiff's medical conditions.

6. Defendants are entitled to immunity as the allegations in Plaintiff's Amended Complaint concern the failure to examine.

**SECOND AFFIRMATIVE DEFENSE**
**FAILURE TO DIAGNOSE – 745 ILCS 10/6-106**

Defendants, through Michael P. Gorman, Assistant State's Attorney, in response to Plaintiff's Amended Complaint, assert the following Affirmative Defense.

7. The County of Cook is a body politic which owned and operated Cermak Health Services, Stroger Hospital, and Cook County Health at all times alleged in Plaintiff's Amended Complaint.

8. At all times relevant to this action, there was in full force and effect the Local Governmental Tort Immunity Act (the "Act), 745 ILCS 10/1-101, et seq. which provides immunities and defenses for local public entities and public employees from liability arising out of the operation of government.

9. County of Cook, is a local government entity as defined in 745 ILCS 10/1-206 and, as such, is entitled to the protection of the immunities and defenses provided by the "Act". This Defendant is its employee of Cook County.

10. Plaintiff's Amended Complaint alleges that the Defendants, through their employees, failed to properly diagnose Plaintiff's infection, disfigurement, pain, and suffering, among other symptoms and conditions.

11. Section 10/6-106(a) of the "Act" confers immunity from liability to the Defendants for "failure to diagnose" Plaintiff's medical conditions.

12. Defendants are entitled to immunity as the allegations in Plaintiff's Amended Complaint concern the failure to diagnose.

**FOURTH AFFIRMATIVE DEFENSE**
**QUALIFIED IMMUNITY**

13. With respect to Plaintiff's claim, Defendants did not cause the deprivation of any constitutional rights of Plaintiff.

14. The conduct of Defendants and their employees was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

15. Accordingly, Defendants and their employees are entitled to the defense of qualified immunity.

Respectfully Submitted,
EILEEN O'NEILL BURKE

By: ***/s/ Michael P. Gorman***
Michael P. Gorman
Assistant State's Attorney
Medical Litigation Unit
302 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7954
michael.gorman@cookcountysao.org