**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONNELL COSBY,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, COOK COUNTY HEALTH, STROGER HOSPITAL, CERMAK HEALTH SERVICES, COMMAND STAFF, and UNKNOWN MEDICAL STAFF,<br><br>Defendants. | ) | Case No. 26 CV 01665<br><br>Judge Karyn L. Bass Ehler |

**AGREED QUALIFIED HIPAA AND MHDDCA PROTECTIVE ORDER**

This matter having come on agreement by all parties for the entry of an Agreed Qualified HIPAA and MHDDCA Protective Order, due notice hereof having been given, and the Court being fully advised in the premises and entry of this Agreed Qualified HIPAA and MHDDCA Protective Order is GRANTED.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 45 C.F.R. § 164.512(e)(1), and 740 ILCS 110/1, *et seq.,* the Court finds good cause exists for the entry of the Agreed Qualified HIPAA and MHDDCA Protective Order for DONNELL COSBY'S medical and mental health information to prevent unauthorized disclosures, control the receipt of, and direct the use of protected health information ("PHI") and mental health information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The parties and their attorneys to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI"), "mental health information," pertaining to DONNELL COSBY as protected by the Health Insurance Portability and Accountability Act of 1996 (referred to herein as "HIPAA"), the Illinois Mental Health and Developmental Disabilities and Confidentiality Act (740 ILCS 110/1, *et seq.)* (referred to herein as "MHDDCA"), to the extent and subject to the conditions outlined herein.

2. For the purposes of this Agreed Qualified HIPAA and MHDDCA Order, PHI shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or

mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. Mental health information shall have the same scope and definition as set forth in 740 ILCS 110/2. Without limiting the generality of the foregoing, mental health information includes, but is not limited to, information obtained from "integrated health systems," "interdisciplinary teams," "mental health or developmental disabilities services," and "therapists," including "confidential communications," "personal notes" and "records" relating to either (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

4. Subject to the conditions set forth in paragraph seven, all "covered entities" (as defined by 45 C.F.R. 160.103) and "record custodians" (as defined by 740 ILCS 110/2) are hereby authorized to disclose PHI and mental health information pertaining to DONNELL COSBY, to all attorneys of record representing parties to the above-captioned litigation.

5. The parties and their attorneys shall be permitted to use the PHI and mental health information of DONNELL COSBY**,** in any manner that is reasonably connected with the above-captioned litigation and for no other purpose. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process. Prior to any such disclosure, counsel shall inform each recipient that the PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

6. This Order does not control or limit the use of protected health information or mental health information pertaining to DONNELL COSBY that comes into the possession of the parties or their attorneys from a source other than a "covered entity" (as that term is defined in 45 C.F.R. § 160.103) or from a "record custodian" (as that term is defined in 740 ILCS 110/2).

7. Any documents that contain PHI or mental health information obtained pursuant to this order shall be designated confidential subject to this Agreed Qualified HIPAA and Mental Health Protective Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this order shall be kept confidential (except as allowed by this order), stored to maintain their confidentiality, and not be disclosed in or attached to any publicly filed documents unless:

a. The PHI or mental health information has been redacted;

b. The Plaintiff has agreed to the filing of such document; or

c. The Court has ordered that the document can be publicly filed.

8. Within sixty (60) days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final Orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation who is in possession of PHI, mental health information, or drug and alcohol treatment/rehabilitation information pertaining to DONNELL COSBY, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI, mental health information, and drug and alcohol treatment/rehabilitation information in their possession.

9. This Order shall not control or limit the use of PHI or mental health information pertaining to DONNELL COSBY, that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 C.F.R. § 160.103) or from a "therapist" (as that term is defined in 740 ILCS 110/2).

10. Nothing in this Order authorizes counsel to obtain medical records or mental health information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

11. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for the filing under seal if and when a party seeks to file DONNELL COSBY's PHI under seal.

Dated: 9/29/2026

Honorable Karyn L. Bass Ehler
United States Magistrate Court
Judge